IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA P. RAMIREZ, | CASE NO. CV F 10-1039 LJO SKO |
| Plaintiff, | **ORDER ON BARCLAYS' F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 4.) |
| BARCLAYS CAPITAL MORTGAGE, et al., | |
| Defendants. | |

**INTRODUCTION**

Defendant Barclays Capital Real Estate Inc. ("Barclays")[1] seeks to dismiss as meritless pro se plaintiff Maria P. Ramirez' ("Ms. Ramirez'") claims arising from foreclosure of her Bakersfield residence ("property"). This Court considered Barclays' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the August 12, 2010 hearing, pursuant to this Court's sua sponte dismissal of claims against Barclays.

**BACKGROUND**

**Ms. Ramirez' Property Loans**

In early 2005, Ms. Ramirez obtained $343,960 and $85,990 loans secured by deeds of trust on the property. In mid-2006, Ms. Ramirez defaulted on her loan payments. A Notice of Default and

---

[1] Barclays does business as HomEq Servicing and was erroneously sued as Barclays Capital Mortgage.

1

Election to Sell Under Deed of Trust, recorded on June 25, 2008,[2] indicated that Ms. Ramirez was $8,068.68 in arrears. A Notice of Trustee's Sale was recorded on October 15, 2008. A second Notice of Trustee's Sale was recorded on December 14, 2009. The property was sold at a trustee's sale, and a Trustee's Deed Upon Sale was recorded on May 14, 2010.

### Ms. Ramirez' Claims

Prior to Barclays' removal to this Court, Ms. Ramirez filed her Complaint and Application for Temporary and Permanent Injunction ("complaint") in Kern County Superior Court. The complaint takes issue with the property foreclosure and failure to modify Ms. Ramirez' loans. The complaint alleges seven claims which will be addressed below. The complaint seeks to recover punitive damages and for Ms. Ramirez' emotional distress and injunctive relief to enjoin enforcement of loan agreements.

### DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Barclays characterizes Ms. Ramirez' action as "an improper suit . . . to obtain damages and a modification of her loan" although Ms. Ramirez "has been living in the property for two years since she defaulted on the loan and has failed to reinstate."

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

---

[2] Documents pertaining to Ms. Ramirez' loans and default were recorded in the Kern County Official Records.

2

1  support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

3

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus

may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd*., 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). A court properly may take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted).

With these standards in mind, this Court turns to Barclays' challenges to Ms. Ramirez' claims.

**Breach Of Contract**

The complaint's (first) breach of contract claim alleges that Ms. Ramirez "agreed to pay for settlement services stemming from . . . purchases of a residential mortgage." The claim continues: "Defendants[4] breached the contract and the implied covenant of good faith and fair dealing by, *inter alia*, charging Plaintiff marked-up fees for late charges, escrow, and failing to disclose the actual costs to Defendants for these services."

Barclays faults the complaint's failure "to identify what contract was breached."

"The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178, 80 Cal.Rptr.3d 6 (2008). "To form a contract, an 'offer must be sufficiently definite . . . that the

---

[3] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

[4] The complaint names Old Republic Management Services as a defendant in addition to Barclays.

performance promised is reasonably certain.'" *Alexander v. Codemasters Group Limited*, 104 Cal.App.4th 129, 141. 127 Cal.Rptr.2d 145 (2002).

"As to the contract, where a written instrument is the foundation of a cause of action, it may be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference." *Byrne v. Harvey,* 211 Cal.App.2d 92, 103, 27 Cal.Rptr. 110 (1962); *Holly Sugar Corp. v. Johnson,* 18 Cal.2d 218, 225, 115 P.2d 8 (1941). "Where a party relies in his complaint upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in hæc verba, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." *Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880).

The complaint fails to allege breach of contract elements. Alleged contract terms are unspecified. Without specification of a contract or agreement, the elements necessarily fail. As noted by Barclays, the claim's allegation that Ms. Ramirez performed all necessary conditions, covenants and promises is contradicted by the complaint's acknowledgment that Ms. Ramirez failed to make loan payments. The breach of contract claim is subject to dismissal.

### Negligence

The complaint's (second) negligence claim alleges that "Defendants are negligent by proceeding with a Foreclosure Sale" and "Defendants have assured Plaintiff that she would qualified [sic] for a loan modification."

Barclays points to the absence allegations to support duty and causation elements of negligence.

#### *Duty*

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095, 283 Cal.Rptr. 53 (1991). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.,* 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

6

"The 'legal duty' of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated [, or] (b) [a]n affirmative duty where the person occupies a particular relationship to others. . . . In the first situation, he is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal.App.4th 1011, 1016-1017, 67 Cal.Rptr.2d 516 (1997).

Barclays argues that in a loan transaction, duties are limited to "those in the agreement." "[A]bsent special circumstances . . . a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender." *Oaks Management Corp. v. Superior Court*, 145 Cal.App.4th 453, 466, 51 Cal.Rptr.3d 561 (2006). Barclays points to the absence of "independent facts to back up" a negligence claim, authority to require loan modification, and special circumstances for heightened duties.

Barclays is correct that the complaint fails to identify a duty to support a negligence claim. In the absence of the duty element, the negligence claim fails.

### *Causation*

Barclays faults the claims failure to allege that damages were caused by alleged negligent conduct. Barclays correctly notes that alleged damage of foreclosure sale of the property resulted from Ms. Ramirez' failure to make payments and to salvage her loans in the two years preceding the foreclosure sale. The complaint fails to allege facts that Barclays' alleged breached caused damages to Ms. Ramirez. The absence of facts to support causation further dooms the negligence claim.

### **Breach Of The Implied Covenant Of Good Faith And Fair Dealing**

The complaint's third claim is entitled "Bad Faith/Breach of Contract" and alleges that "Defendants . . . intentionally, knowingly and with callous and reckless indifference to the welfare of Plaintiff, took actions in instituting foreclosure proceedings which were patently unreasonable." This Court construes the claim to allege a breach of the implied covenant of good faith and fair dealing.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Kransco v. American Empire Surplus Lines Ins. Co.*, 23 Cal.4th 390, 400, 97 Cal.Rptr.2d 151 (2000)

(quoting *Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 658, 328 P.2d 198 (1958)). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17 (1990). "Without a contractual relationship, [plaintiffs] cannot state a cause of action for breach of the implied covenant." *Smith*, 225 Cal.App.3d at 49, 275 Cal.Rptr. 17.

The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation omitted). "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures and Television*, 162 Cal.App.4th 1107, 1120, 76 Cal.Rptr.3d 585 (2008). "The covenant 'cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Agosta v. Astor*, 120 Cal.App.4th 596, 607, 15 Cal.Rptr.3d 565 (2004) (quoting *Guz v. Bechtel Nat. Inc.* 24 Cal.4th 317, 349-350, 100 Cal.Rptr.2d 352 (2000)).

As discussed above, the complaint fails to allege or identify a contract to invoke an implied covenant to impose on Barclays liability for alleged wrongs. The complaint lacks an alleged breach to invoke the implied covenant of good faith and fair dealing. Ms. Ramirez is unable to resort to an implied covenant to manufacture Barclays' obligations which do not exist.

Moreover, even in the absence of a stated implied covenant claim, no implied covenant tort is available to Ms. Ramirez. "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (applying California law). "Moreover, even if there were a contractual relationship between the parties, [plaintiffs] have pled no facts establishing a 'special relationship' between them which could justify extending tort liability for bad faith to the present context." *Smith*, 225 Cal.App.3d at 49, 275 Cal.Rptr. 17.

The "implied covenant tort is not available to parties of an ordinary commercial transaction

where the parties deal at arms' length." *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.,* 307 F.3d 944, 955 (9th Cir. 2002). California courts do not invoke a special relationship between a lender and borrower. *See Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 979, 21 Cal.Rptr.2d 834 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing"); *Mitsui Manufacturers Bank v. Superior Court*, 212 Cal.App.3d 726, 729, 260 Cal.Rptr. 793 (1989) (borrower precluded to assert tortious breach of implied covenant of good faith and fair dealing claim against lender). As discussed above, a loan transaction generally does not give rise to a fiduciary duty to a borrower "absent special circumstances." *Oaks Management*, 145 Cal.App.4th at 466, 51 Cal.Rptr.3d 561.

The complaint demonstrates that Ms. Ramirez' home loans were typical to create no special circumstances to invoke heightened duties. No special relationship arises between Barclays and Ms. Ramirez. The complaint makes no attempt to allege such a special relationship with meaningful facts. A breach of implied covenant of good faith and fair dealing claim fails in absence of allegations of a sufficient contractual or special relationship between Barclays and Ms. Ramirez.

### Wrongful Foreclosure

The complaint's (fourth) wrongful foreclosure claim alleges defendants breached duties under the California Civil Code sections governing non-judicial foreclosure in that, among other things, they "[a]uthorized and/or conducted non-judicial foreclosure without giving Plaintiff proper notice of default or proper notice of the trustee's sale."

#### *Absence Of Statutory Irregularity*

Barclays challenges the claim's failure "to allege any irregularity with the foreclosure sale as governed by the exclusive and exhaustive foreclosure statute." Barclays notes that Ms. Ramirez' claim that she did not receive a notice of default is contradicted by California Civil Code section 2923.5(c) declarations attached to the trustee's sale notices.

If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237, 286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the applicable California Civil Code sections:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

To challenge foreclosure, "it is necessary for the complaint to state a case within the code sections for which reason it is essential to allege the facts affecting the validity and invalidity of the instrument which is attacked." *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266, 101 P.2d 101 (1940). A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

The complaint lacks facts of a specific statutory irregularity or misconduct in the foreclosure proceedings.  The complaint's conclusory allegations provide nothing to support a discrepancy in the foreclosure process to warrant dismissal of the wrongful foreclosure claim.

***Failure To Tender***

Barclays further contends that any claim based on foreclosure irregularities is doomed by Ms. Ramirez' failure to tender her indebtedness.

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414

(1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing several cases). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985). "A cause of action

1  'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid
2  tender." *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

3  "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without
4  paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v.*
5  *Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain
6  an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475,
7  477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

8  Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do
9  equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the
10 plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter
11 into the contract by the fraudulent representations of the defendant." *Fleming v. Kagan*, 189 Cal.App.2d
12 791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing
13 is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117,
14 92 Cal.Rptr. 851. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common
15 law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating
16 nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108
17 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

18 "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105
19 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is
20 necessary on his part to complete the transaction, and must fairly make known his purpose without
21 ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is
22 made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154,
23 1165, 246 Cal.Rptr. 421 (1988).  The debtor bears "responsibility to make an unambiguous tender of
24 the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200
25 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

26 Neither the complaint nor record references Ms. Ramirez tender of indebtedness or ability to do
27 so. The complaint's silence on Ms. Ramirez' tender of or ability to tender loan proceeds is construed
28 as her concession of inability to do so. Without Ms. Ramirez' meaningful tender, Ms. Ramirez seeks

12

empty remedies, not capable of being granted.  A claim arising from the foreclosure proceedings is subject to dismissal in the absence of a sufficiently alleged tender of Ms. Ramirez' indebtedness.

### Negligent Infliction Of Emotional Distress

The complaint's fifth claim is entitled "Negligent Infliction of Emotional Anguish" and accuses "Defendant" of failure "to communicate with Plaintiff in regards to modifying the Loan, acting negligent, creating an alleged deficiency status that triggered Defendant's wrongful foreclosure."

Negligent infliction of emotional distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages apply. *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal.4th 124, 129, 24 Cal.Rptr.2d 587 (1993).  California law recognizes that "there is no independent tort of negligent infliction of emotional distress" in that "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 984, 25 Cal.Rptr.2d 550 (1993).  The existence of a duty is a question of law. *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.,* 48 Cal.3d 583, 588, 257 Cal.Rptr. 98 (1989).

As discussed above, the complaint's negligence claim fails in absence of an applicable duty and causation of Mr. Ramirez' damages from breach of an applicable duty.  Without an negligence claim, Ms. Ramirez is unable to pursue a theory of negligent infliction of emotional distress.

### Intentional Infliction Of Emotional Distress

The complaint's sixth claim is entitled "Intentional Infliction of Mental Anguish" and alleges that "Defendant intentionally placed Plaintiff's home loan . . . in foreclosure status and intentionally proceeds with the sale of the . . . property."

Barclays faults the claim's failure to satisfy elements of intentional infliction of emotional distress in that it is based on failure to provide Ms. Ramirez a loan modification.  Barclays notes that failure to enter into a contract does not support intentional infliction of emotional distress.

The elements of a cause of action for intentional infliction of emotional distress are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress. *Nally v. Grace Community Church of the Valley*, 47 Cal.3d 278, 300, 253 Cal.Rptr. 97, 110

(1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1644 (1989)*;Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 155, n. 7, 233 Cal.Rptr. 308 (1987).  The "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminister*, 32 Cal.3d 197, 209, 185 Cal.Rptr. 252 (1982) (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593, 156 Cal.Rptr.198 (1979)).  Conduct is extreme and outrageous when it is of a nature which is especially calculated to cause, and does cause, mental distress.  Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 617, 262 Cal.Rptr. 842, 857 (1989).

To support an intentional infliction of emotional distress claim, the conduct must be more than "intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Christensen v. Superior Court*, 54 Cal.3d 868, 903, 2 Cal.Rptr.2d 79 (1991).  The California Supreme Court has further explained:

> "The law limits claims of intentional infliction of emotional distress to egregious conduct toward plaintiff proximately caused by defendant." . . . The only exception to this rule is that recognized when the defendant is aware, but acts with reckless disregard, of the plaintiff and the probability that his or her conduct will cause severe emotional distress to that plaintiff. . . . Where reckless disregard of the plaintiff's interests is the theory of recovery, the presence of the plaintiff at the time the outrageous conduct occurs is recognized as the element establishing a higher degree of culpability which, in turn, justifies recovery of greater damages by a broader group of plaintiffs than allowed on a negligent infliction of emotional distress theory. . . .

*Christensen*, 54 Cal.3d at 905-906, 2 Cal.Rptr.2d 79 (citations omitted.)

"In the context of debt collection, courts have recognized that the attempted collection of a debt by its very nature often causes the debtor to suffer emotional distress." *Ross v. Creel Printing & Publishing Co.,* 100 Cal.App.4th 736, 745, 122 Cal.Rptr.2d 787 (2002) (citing *Bundren v. Superior Court,* 145 Cal.App.3d 784, 789, 193 Cal.Rptr. 671 (1983)).  "Frequently, the creditor intentionally seeks to create concern and worry in the mind of the debtor in order to induce payment." *Bundren,* 145 Cal.App.3d at 789, 193 Cal.Rptr. 671.  Such conduct is only outrageous if it goes beyond "all reasonable bounds of decency." *Bundren,* 145 Cal.App.3d at 789, 193 Cal.Rptr. 671.

"The assertion of an economic interest in good faith is privileged, even if it causes emotional distress." *Ross,* 100 Cal.App.4th at 745, n. 4, 122 Cal.Rptr.2d 787 (citing *Fletcher v. Western National Life Ins. Co.,* 10 Cal.App.3d 376, 395, 89 Cal.Rptr. 78 (1970)); *Cantu v. Resolution Trust Corp.,* 4

Cal.App.4th 857, 888, 6 Cal.Rptr.2d 151 (1992). "In debtor/creditor cases, the privilege is qualified, in that it can be vitiated where the creditor uses outrageous and unreasonable means in seeking payment." *Ross,* 100 Cal.App.4th 736, 745, n. 4, 122 Cal.Rptr.2d 787 (citing *Symonds v. Mercury Savings & Loan Assn.,* 225 Cal.App.3d 1458, 1469, 275 Cal.Rptr. 871 (1990)).

The complaint fails to allege Barclay's outrageous conduct to support intentional infliction of emotional distress. The complaint points to no conduct of Barclays outside that generally accepted in debt collection and/or the foreclosure process, which is inherently stressful for debtors. The intentional infliction of emotional distress claim fails on its merits to warrant its dismissal.

### Injunctive Relief

The complaint's seventh claim seeks injunctive relief to restrain "Defendants' efforts to enforce any agreements concerning enforcement of the Loan against Plaintiff's [sic], including efforts to foreclose on the Home."

"Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen*, 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168, 125 P.2d 930 (1942).

Neither a viable claim nor "an independent duty" supports injunctive relief to doom the injunctive relief claim. In other words, the injunctive relief claim fails with the complaint's other claims.

### Attempt At Amendment And Malice

Ms. Ramirez' claims are insufficiently pled and barred as a matter of law. Ms. Ramirez is unable to cure her claims by allegation of other facts and thus is not granted an attempt to amend.

Moreover, this Court surmises that Ms. Ramirez has brought this action in absence of good faith and that Ms. Ramirez exploits the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has

inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against Barclays.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against Barclays;

2. DIRECTS the clerk to enter judgment against plaintiff Maria P. Ramirez and in favor of defendant Barclays Capital Real Estate, Inc. dba HomEq Servicing in that there is no just reason to delay to enter such judgment given that Ms. Ramirez' claims against Barclays and its alleged liability are clear and distinct from claims against and liability of other defendants. *See* F.R.Civ.P. 54(b); and

3. ORDERS Ms. Ramirez, no later than July 8, 2010, to file papers to show cause why this Court should not dismiss this action against defendant Old Republic Management Services.

**This Court ADMONISHES Ms. Ramirez that this Court will dismiss this action against defendant Old Republic Management Services if Ms. Ramirez fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendant Old Republic Management Services.**

IT IS SO ORDERED.

**Dated:   June 25, 2010**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE