**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA P. RAMIERZ,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BARCLAYS CAPITAL MORTGAGE, et al.,<br>et al.,<br><br>          Defendants.<br>_____/ | CASE NO. CV F 10-1039 LJO SKO<br><br>**ORDER TO DISMISS REMAINING DEFENDANTS**<br>(Doc. 4.) |

## BACKGROUND

This Court's June 28, 2010 order ("June 28 order") dismissed with prejudice defendant Barclays Capital Real Estate, Inc. dba HomEq Servicing and required plaintiff Maria P. Ramirez ("Ms. Ramirez") no later than July 8, 2010, to file papers to show cause why this Court should not dismiss this action against remaining defendant Old Republic Management Services. The June 28 order "**ADMONISHES Ms. Ramirez that this Court will dismiss this action against defendant Old Republic Management Services if Ms. Ramirez fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendant Old Republic Management Services.**" (Bold in original.) Ms. Ramirez failed to file papers to show cause why this Court should

not dismiss defendant Old Republic Management Services to disobey the June 28 order.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as Ms. Ramirez indicates a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

of dismissal discussed herein.  Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The June 28 order "**ADMONISHES Ms. Ramirez that this Court will dismiss this action against defendant Old Republic Management Services if Ms. Ramirez fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendant Old Republic Management Services.**"  (Bold in original.)  Ms. Ramirez ignored the June 28 order and received adequate warning that dismissal will result from disobedience of this Court's order and failure to prosecute this action.  Quite simply, Ms. Ramirez and her counsel have failed to comply with this Court's order and to meaningfully and intelligently respond.

### **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DISMISSES without prejudice this action against defendant Old Republic Management Services and DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   July 9, 2010**               /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE